**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **MARK MCAVOY** | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | **CAUSE NO. 2:12-CV-310-JRG** |
| | § | |
| **NEWTON JOHNSON, JR., SHERIFF** | § | |
| **OF SHELBY COUNTY, TEXAS,** | § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION & ORDER**

### I.   INTRODUCTION

Before the Court are Newton Johnson, Jr.'s ("Johnson") Motion to Transfer Venue (Dkt. No. 6) and Johnson's Motion for Partial Dismissal for Failure to State a Claim Upon Which Relief Can be Granted, or, in the Alternative, for a More Definite Statement (Dkt. No. 7). After carefully considering the parties' written submissions, the Court **DENIES** both Motions.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2012, Plaintiff Mark McAvoy ("McAvoy"), a former sheriff's deputy, filed this lawsuit pursuant to 42 U.S.C. § 1983 against his former superior, Sheriff Johnson. McAvoy contends that Johnson falsely and maliciously initiated criminal animal cruelty charges against McAvoy in retaliation for comments that McAvoy made through his chain of command within the Shelby County Sheriff's Office regarding Sheriff Johnson's alleged drunk driving. (Dkt. No. 10, at 1.) Both McAvoy and Johnson are residents of Shelby County, Texas and the incidents giving rise to this action occurred there as well.

**III.    JOHNSON'S MOTION TO TRANSFER VENUE (DKT. NO. 6)**

Johnson asks this Court to transfer this case to the Lufkin Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1983 on the grounds that the Lufkin Division is "clearly more convenient" than the Marshall Division. (Dkt. No. 6.) The Court disagrees.

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). However, a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

A threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests

decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

Finally, the Court is allowed greater deference when considering intra-district transfers. *Madden v. City of Will Point,* 2:09-cv-250-TJW, 2009 U.S. Dist. LEXIS 116682, at *7 (E.D. Tex. Dec. 15, 2009). The Federal Rules of Civil Procedure allow significant discretion to district courts in deciding the place of trial, so long as it is within the same district, even without the consent of the parties. *Morrow v. Washington,* No. 2:08-cv-288-TJW, 2008 U.S. Dist. LEXIS 100225, at *6 (E.D. Tex. Dec. 11, 2008) (citing Fed. R. Civ. P. 77(b)). The courts in this district traditionally view 1404(a) motions for intra-district change of venue with greater caution. *Rios v. Scott,* No. 1:02-cv-136, 2002 U.S. Dist. LEXIS 28176, at *2 (E.D. Tex. July 26, 2002).

In this case, almost all of the witnesses identified by both parties work and/or reside in or near Center, Texas (the County Seat of Shelby County). Center, Texas is located approximately equidistant between Marshall, Texas and Lufkin, Texas. Neither party has identified any witnesses or other sources of proof that might be more conveniently located relative to Lufkin as opposed to Marshall. After balancing all of the relevant factors, the Court finds that the Lufkin Division is not clearly more convenient than the Marshall Division. Therefore, the Court **DENIES** Johnson's Motion to Transfer Venue (Dkt. No. 6).

IV.   **JOHNSON'S MOTION TO DISMISS (DKT. NO. 7)**

McAvoy's Complaint alleges three separate causes of action: (1) malicious prosecution in violation of the Fourth Amendment; (2) libel/defamation; and (3) violation of the First Amendment. Of these three causes of Action, Johnson contends that the Court should dismiss

McAvoy's claim for malicious prosecution in violation of the Fourth Amendment. (Dkt. No. 7.) The Court disagrees.

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock,* 549 U.S. 199, 215 (2007).

The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997).

There are two guiding principles in determining whether a complaint can survive a motion to dismiss. *Iqbal,* 129 S. Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

In this case, the Fourth Amendment claim alleges that Johnson filed criminal charges against McAvoy for animal cruelty with specific intent to cause him harm and with full knowledge that Plaintiff was innocent of the crime; and that Johnson filed such actions solely in retaliation for McAvoy reporting Johnson for drunk driving. (Dkt. No. 11, at 2.) The Complaint makes several specific factual allegations which are sufficient to satisfy the heightened pleading requirements set forth under Fifth Circuit law. *See Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). Moreover, McAvoy alleges that Johnson not only maliciously initiated criminal charges, but that he further submitted false testimony and/or evidence to the grand jury in order to obtain the resulting indictment. (Dkt. No. 11, at 3.) Taking all of these facts as true is sufficient to support a cause of action – at the pleading stage – for malicious prosecution under the Fourth Amendment. *See Cumbra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). Therefore, Johnson's Motion to Dismiss (Dkt. No. 7) should be denied.

## V.  CONCLUSION

For the reasons discussed above, Johnson's Motion to Transfer (Dkt. No. 6) and Motion to Dismiss (Dkt. No. 7) are **DENIED**.

**So ORDERED and SIGNED this 12th day of March, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE